IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SATORI PROPERTIES, LLC and ) <br> CORDOBA PROPERTIES, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FRANKENMUTH INSURANCE COMPANY ) <br> ) <br> Defendant. ) | Case No. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, Satori Properties, LLC and Cordoba Properties, LLC, by its undersigned counsel, and for their Complaint against Defendant Frankenmuth Insurance Company, states:

## PARTIES AND JURISDICTION

1. Satori Properties, LLC is an Illinois limited liability company.

2. The member of Satori Properties, LLC is a trust whose three co-trustees are citizens of Illinois (two trustees) and Georgia (one trustee). Accordingly, Satori is a citizen of Illinois and Georgia for purposes of diversity jurisdiction.

3. Satori Properties, LLC has an insurable interest in commercial property located at 516 N. York Rd., in Bensenville, Illinois (the "Insured Property").

4. Cordoba Properties, LLC ("Cordoba") owns and has an insurable interest in the Insured Property.

5. Satori and Cordoba (collectively "Satori") are named insureds under the Policy (as defined below) with standing to bring suit for the claims set forth herein.

6. Frankenmuth Insurance Company ("Frankenmuth") is a Michigan corporation with its principal place of business in Frankenmuth, Michigan.

1

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as this matter is one between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

8. Venue is proper in this judicial district pursuant to 28 U.S. C. § 1391 because the property at issue is located in this district.

## FACTS

9. Frankenmuth issued a commercial property policy of insurance, Policy No. 6601142 (the "Policy) insuring the premises located at 516 N. York Rd., Bensenville, Illinois 60106.

10. The Policy was in effect on the date of the covered loss at issue in this case.

11. The Policy provided insurance coverage for direct physical loss to the buildings located on the Insured Premises and such other insurance coverage as specifically set forth in the Policy.

12. A copy of the Policy renewal is attached as **Exhibit A**. A copy of the full Policy has been requested. A copy of the full Policy in effect at the time of loss will be filed as a supplement upon receipt.

13. Pursuant to the Policy, Satori paid an annual premium to Frankenmuth in exchange for insurance coverage. Satori paid the required premiums at all times relevant to this Complaint.

14. On April 4, 2023, the greater Chicago metropolitan area was impacted by a large and damaging hailstorms. The storm and resulting damage were covered by local and national news sources.

15. The April 4, 2023 storm caused damage to the Insured Property, including its roof, metal siding, appurtenances, and other exterior components (the "Loss"), resulting in direct physical loss.

16. At the time of the Loss, Satori owned the Insured Property and was a named insured under the Policy.

17. On August 20, 2024, Satori reported the Loss to Frankenmuth and made a claim for property damages. Frankenmuth assigned a claim number, 200287507.

18. Satori promptly reported the Loss to Frankenmuth upon discovery of the damage.

19. In a letter dated December 6, 2024, Frankenmuth conceded that there was damage to the Insured Property, but denied the claim, stating that "the damaging hail occurred more than two years ago" as opposed to the April 4, 2023 storm.

20. On July 29, 2025, Satori demanded an appraisal of the loss.

21. The entirety of the Appraisal clause contained within the Policy is set forth below:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
>
> b. Bear the other expenses of the appraisal an umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

22. On August 18, 2025, Frankenmuth issued an Appraisal Rejection Letter, stating to its insured that "**[t]he policy's appraisal provision is intended to resolve differences in the price of repairs which Frankenmuth has determined are covered**."

3

23. Thereafter, on October 23, 2025, Frankenmuth issued a second denial letter as it related to damage to the exterior cladding of the Insured Property, this time asserting that Satori gave late notice to Frankenmuth of the damage to the exterior cladding.

24. Frankenmuth's refusal to proceed with appraisal is inconsistent with the plain language of the Policy's appraisal clause, which contemplates an appraisal even if the claim is denied. (Policy, "If there is an appraisal, we still retain our right to deny the claim.").

25. Frankenmuth's refusal to proceed with appraisal is also flatly contradictory to Illinois law. *Zhao v. State Farm Fire & Cas. Co.*, 266 N.E.3d 1229 (Ill. Ct. App. 2025) (holding that issues of loss are appraisable and a dispute about whether covered damage exists is an issue of loss, and that an alleged late notice defense has no bearing on an insured's right to demand an appraisal).

26. Pursuant to the appraisal provision of the Policy issued by Frankenmuth, Satori files this Complaint and respectfully requests that this Court compel appraisal.

27. Frankenmuth's refusals to pay Satori the amount owed to it for the Loss and to proceed with an appraisal of the Loss were without justification and in violation of the Policy and Illinois law.

28. Frankenmuth agreed to toll the time for Frankenmuth to bring action under the Policy to November 18, 2025.

## COUNT I
### (Declaratory Judgment Relief)

Plaintiffs re-allege and incorporate by reference allegations set forth above as if fully set forth herein.

29. Pursuant to Federal Rule of Civil Procedure 57, an actual and justiciable controversy exists between Satori and Frankenmuth as to the amount of the Loss sustained by

4

Satori. This Court is vested with the power to declare the rights and liabilities of the parties hereto and give such other and further relief as may be necessary.

WHEREFORE, Plaintiffs, Satori Properties, LLC and Cordoba Properties, LLC pray that this Court enter an order:

(a) compelling and requiring the parties to proceed with appraisal in accordance with the terms of the "Appraisal" provision in the Policy, which requires the appraisal panel to determine the damage to the Insured Premises caused by hail and wind damage, the scope of the hail and wind damage, the scope of repairing or replacing the hail and wind damage, the cost of repairing or replacing the hail and wind damage, and whether the hail and wind damage was caused by the April 4, 2023 storm as alleged by Satori

(b) staying the case pending the outcome of the appraisal; and

(c) granting any additional relief this Court deems just and proper.

## COUNT II
## (BREACH OF CONTRACT)

30. Satori incorporates by reference all of the above paragraphs as if fully set forth herein.

31. The Policy issued by Frankenmuth to Satori is a binding contract and is supported by valid consideration.

32. Satori has substantially performed all post-loss duties required by the Policy to be performed by it, requested of it, and/or not waived by Frankenmuth.

33. It is Frankenmuth's duty to pay the amounts due under the Policy for the covered damage, including all repairs and replacement costs.

34. Hail and wind damage are covered by the Policy.

35. Frankenmuth is in material breach of the Policy, and Frankenmuth is liable to Satori in the maximum amount allowed by the Policy for the Loss. Specifically, Frankenmuth's breach of contract includes the following, without limitation: (a) Frankenmuth's failure and refusal to pay the amounts owed to Satori for the Loss pursuant to the insurance coverage afforded by the Policy; (b) Frankenmuth's failure and refusal to promptly and fully honor Satori's claim for insurance benefits; and (c) Frankenmuth's refusal to proceed with an appraisal of the Loss as properly invoked by Satori.

36. This breach of the policy was and is the direct and proximate cause of damages to Satori in an amount in excess of $75,000.

37. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and therefore, Satori is entitled to prejudgment interest.

WHEREFORE, Plaintiffs Satori Properties, LLC and Cordoba Properties, LLC pray for judgment in their favor and against Defendant, Frankenmuth Insurance Company, of compensatory damages, consequential damages, pre-judgment interest, costs of this action, and such other and further relief this Court may deem just and proper.

### COUNT III
### (STATUTORY PENALTY FOR BAD FAITH DENIAL OF INSURANCE UNDER 215 ILCS 5/155)

38. Plaintiffs re-allege and incorporate by reference allegations set forth above as if fully set forth herein.

39. At the time of the Loss, Frankenmuth's internal claims policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of

6

Insurance within part 919 of the Illinois Administrative Code, as well as compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

40. Satori is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of Frankenmuth engaging in the following vexatious and unreasonable conduct, including but not limited to:

   a. not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the Loss and ensuing claim, a claim in which liability was reasonably clear, in violation of section 154.6 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within section 919.50 of the Illinois Administrative Code;

   b. refusing to pay for all of Satori's covered hail and wind Loss due and owing under the Policy without conducting a full, fair, and objective investigation based on all available facts and circumstances, in violation of its internal claims polices, practices, and procedures and in violation of section 154.6 of the Illinois Insurance Code;

   c. refusing to participate in an appraisal of the Loss;

   d. without proper cause, wrongfully and knowingly refusing to reimburse Satori for all its covered hail and wind Loss under the Policy;

   e. failing to be fair, open, and to carry out its duties under the Policy in good faith;

   f. forcing Satori to retain legal counsel to investigate the Loss and ensuing claim and to prosecute this lawsuit to recover all benefits that should have been immediately forthcoming under the Policy; and

   g. Misrepresenting applicable legal standards, including falsely advising Satori that

7

> "**appraisal … is intended to resolve differences in the price of repairs which Frankenmuth has determined are covered**." *See Xiang Zhao v. State Farm Fire & Cas., Co.,* 2025 IL App (2d) 240723, P34; *Mouw v. Shelter Mut. Ins. Co.,* No. 22-cv-2306, 2024 WL 707231 (N.D. Ill. Feb. 21, 2024); *Wysoczan v. Cambridge Mut. Fire Ins. Co.,* No. 1:23-cv-00905, 2023 WL 5530535 (N.D. Ill. Aug. 28, 2023); *Culvey v. Auto-Owners Ins. Co.,* 670 F. Supp. 3d 657 (N.D. Ill. 2023); *River Grove Plaza Inc. v. Owners Ins. Co.,* No. 22-cv-977, 2022 WL 16782412 (N.D. Ill. Nov. 8, 2022).

41. Therefore, pursuant to 215 ILCS 5/155, Satori requests that, in addition to entering a judgment in favor of Satori and against Frankenmuth for the amount owed under the insurance policy at the time of judgment, the Court enter a judgment in favor of Satori and against Frankenmuth for an amount equal to the greater of:

> (1) 60% of the amount which the trier of fact finds that Satori is entitled to recover under the insurance policy, exclusive of costs; and
>
> (2) $60,000. See 215 ILCS 5/155.

42. Satori further requests that the Court enter a judgment in favor of Satori and against Frankenmuth in an amount equal to the attorney's fees and costs incurred by Satori for the prosecution of this coverage action against Frankenmuth, which amount will be provided at or after trial, pursuant to 215 ILCS 5/155.

WHEREFORE, Plaintiffs Satori Properties, LLC and Cordoba Properties, LLC pray for an award of taxable costs, including reasonable attorney's fees, plus statutory damages as set forth in 215 ILCS 5/155, against Defendant Frankenmuth Insurance Company.

**JURY DEMAND**

Plaintiffs Demand a Trial by Jury.

Dated: November 18, 2025          **THE WINTERS LAW GROUP, LLC**

/s/ Douglas J. Winters
Douglas J. Winters, #6311459
7700 Bonhomme Ave., Suite 575
St. Louis, MO 63105
Tel (314) 499-5200
Fax (314) 499-5201
dwinters@winterslg.com

*Attorney for Plaintiffs*